IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:09-CR-20-RLV-DSC-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| KIMBERLY SPENCER MILES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's Motion to Correct or Amend the Judgment, filed December 15, 2011. (Doc. 70.)

Defendant Kimberly S. Miles is serving a sentence at the Alderson, West Virginia, Federal Prison Camp following her conviction for Medicaid-fraud-related offenses. (Doc. 52.) The Court ordered that Defendant make restitution in the amount of $622,405.89, that payment was to begin immediately, and that payment in monthly, fifty-dollar installments is to commence following her release to a term of supervision. Defendant, though counsel, argues that the payment schedule is internally inconsistent and requests that the Judgment be amended to clarify that no payment shall be due until she begins her term of supervised release. (Docs. 69, 70.) In so arguing, Defendant essentially seeks an order preventing the institution from attempting to collect payments through the Inmate Financial Responsibility Program ("IFRP"). She complains that she is subject to losing privileges as a result of being unable to comply with the IFRP terms offered by the Bureau of Prisons ("BOP"). (Doc. 70.)

As the Court stated in its responsive letter to Defendant, the terms of the payment schedule are not inconsistent. They are to be read to mean (1) that the Court has imposed and

1

specified monthly payments as a condition of supervised release, *see* 18 U.S.C. §§ 3563(b) and 3583(d), and per the terms of her plea agreement, *see* 18 U.S.C. § 3663A(3), and (2) that the Court has authorized immediate payment at commitment through the IFRP without specifying the payments due, leaving that determination to the BOP staff. Furthermore, the Court has verified that the selection of both terms "B"—authorizing payments to begin immediately—and "D"—specifying payments post-release—under form AO 245B's "Schedule of Payments" is standard practice within this district when the ordered restitution is substantial and the defendant is unable to pay immediately the full amount.

Accordingly, there is no clerical error to correct per Federal Rule of Criminal Procedure 36. To the extent Defendant's motion is to be construed as a motion to modify the terms of the Judgment, the Fourth Circuit has directed that such a motion be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the monetary penalties order. *United States v. Hudson*, 221 Fed. App'x 255, 256 (4th Cir. Mar. 26, 2007). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Defendant is incarcerated within the Southern District of West Virginia. Accordingly, this Court would not have jurisdiction over the motion.

Even if the Court were to have jurisdiction, it would deny the motion. First, Defendant has failed to show that she exhausted available administrative remedies before seeking review in district court. *Johnpoll v. Thornburgh*, 898 F.2d 849, 850 (2d Cir. 1990). Second, the Fourth Circuit has held that the BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately and a schedule is set for paying any remainder while on supervised release. *United States v. Watkins*, 161 Fed. App'x 337, 337 (4th Cir. Jan. 19, 2006)

(citing *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002)). Therefore, the Court finds that it is not in the interests of justice to transfer this matter to the Southern District of West Virginia pursuant to 28 U.S.C. § 1631.

The Court concedes that the monthly payments of $111.00 required for Defendant's participation in the IFRP are notably higher than the $50.00 monthly payments she will be required to make post-release, particularly given her reduced earning capacity while incarcerated. In an effort to encourage inmates to meet their legitimate financial obligations, the BOP develops financial plans in light of the Presentence Investigation Reports, J&Cs, and other documents. The BOP is incentivized to create a practical plan for each inmate in order to maximize participation and the financial recovery of victims. The BOP in turn creates incentives to participate in the plan by providing more desirable quarters, qualifying the inmate for a broader range of work assignments and pay bonuses, removing commissary spending limitations, et cetera. *See* Fed. Bureau of Prisons, U.S. Dep't of Justice, Legal Resource Guide to the Federal Bureau of Prisons 16 (2008), http://www.bop.gov/news/PDFs/legal_guide.pdf.

However, as Defendant has previously noted, participation in the IFRP is voluntary. If the BOP sets too high a monthly payment in light of the resources available to the inmate, that inmate will be unable to pay or will find the cost of payment to outweigh the benefits received from participation in the IFRP and will consequently not make his or her payments. Therefore, the Court recommends that Defendant notify the institution of her present financial state and utilize the internal review procedures available. BOP staff are well aware that they cannot draw blood from stones, and if $111.00 monthly payments are truly unfeasible, they would be well advised to make a downward adjustment. However, if they do not, she remains free to cease payments while incarcerated and forfeit the privileges afforded by the program.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Correct (Doc. 70) be **DENIED**.

Signed: December 29, 2011

Richard L. Voorhees
United States District Judge